JUDGE PRESKA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CV 8636**

ELLEN B. TABOR, on behalf of herself and all
others similarly situated,

                Plaintiff,

      -  against –

CABRINI MEDICAL CENTER,

                Defendant.

COMPLAINT AND
JURY TRIAL DEMAND



RECEIVED
OCT 11 2005
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff, Ellen Tabor by her attorneys, the LAW OFFICES OF KARL J.

STOECKER, for her complaint on behalf of herself and all others similarly situated,

alleges as follows:

## INTRODUCTORY STATEMENT

    1.    Plaintiff brings this action on behalf of herself and a class composed of all

persons who were participants in the Cabrini Medical Center Pension Plan. (the "Plan")

at any time within the past six years for whom Cabrini Medical Center ("Cabrini") failed

to remit contributions in accordance with the Plan. Cabrini is the Plan Sponsor/Employer

and Administrator of the Plan. Pursuant to the Plan's terms Cabrini was obligated to

make contributions in an amount equal to eight (8) percent of each eligible participants'

total compensation. In the case of plaintiff, and, upon information and belief, all plan

participants during the class period, defendant Cabrini failed to remit all contributions

due pursuant to the Plan, and failed to timely remit Plan participants' own contributions

which were withheld from their paychecks. By this action, plaintiff seeks damages on

behalf of herself and the class arising from defendant's failure to make required

contributions and for any delay in making or submitting contributions, and an injunction requiring defendant to remit future contributions in accordance with the Plan.

2.    In addition, plaintiff seeks damages on her own behalf for defendants' failure to furnish copies of plan documents in accordance with ERISA's disclosure provisions.

## JURISDICTION AND VENUE

3.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, because the claims asserted herein arise under the laws of the United States. Venue is appropriate in this district because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

4.    Plaintiff Ellen Tabor is a resident of Manhattan. She was employed as a psychiatrist by Cabrini from in or about July, 2000, through July 2004. As a non-union employee, she became eligible to participate in the Plan in the first calendar quarter of 2001 and commenced making contributions to it at that time.

5.    Defendant Cabrini operates a hospital and related facilities in New York City. Its principal offices and facilities are located at 227 East 19th Street, New York, New York. Cabrini is the Plan Sponsor/Employer and Plan Administrator of the Plan.

## FACTUAL BACKGROUND

6.    The Plan is a defined contribution pension plan established by Cabrini in 1991 pursuant to Section 403(b) of the Internal Revenue Code. Pursuant to the Plan, Cabrini was obligated to contribute eight (8) percent of each participating employee's

total compensation, including bonuses, overtime, commissions, incentive compensation and other extra compensation, to the Plan.

7.     Plaintiff commenced employment with Cabrini in or about July, 2000. Pursuant to the terms of the Plan, she became eligible to participate therein during the first calendar quarter of 2001 and began making contributions at that time.

### Cabrini's Failure to Make Plan Contributions

8.     Upon information and belief, from February of 2001, when plaintiff became eligible to participate in the Plan, through to June of 2004, when plaintiff discontinued her employment at Cabrini, the later made a single contribution to the Plan on plaintiff's behalf consisting of a $276.16 contribution remitted in the fourth calendar quarter of 2001.

### Cabrini's Failure to Timely Deposit Plaintiff's Contributions

9.     Not only did Cabrini fail to contribute its eight percent share of plaintiff's total compensation to the Plan, it also withheld and failed to timely deposit money that plaintiff herself had deducted from each paycheck for deposit into the Plan.

10.     Upon information and believe Cabrini similarly failed to make all contributions due pursuant the Plan on behalf of other Plan participants during the Class Period and similarly failed to timely deposit Class members' own contributions.

### Cabrini's Failure to Provide Information

11.     By letter dated March 10, 2005, plaintiff requested copies of the Plan and the Summary Plan Description ("SPD") for the Plan. To date defendant has failed to respond to that request.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings the first and second causes of action herein as class claims pursuant to Fed. R. Civ. P. 23(a), and (b)(3) on behalf of a Class consisting of all persons who were participants in the Plan at any time within the past six years (the "Class Period") for whom Cabrini failed to remit contributions in accordance with the Plan.

13.     The Class is so numerous that the joinder of all members is impracticable. Plaintiff estimates that there are at least several hundred Class members most of whom would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from defendant.

14.     Plaintiff's claims are typical of all Class members' claims. Cabrini, upon information and belief, similarly failed to make contributions due under the Plan for all plan participants and failed to timely remit money withheld from plan participants' paychecks to the Plan.

15.     Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in the fields of labor law and class and ERISA litigation. Plaintiff has no interest that is contrary to or in conflict with the Class.

16.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the Class is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

17.     Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members because defendant has acted on grounds generally applicable to the entire Class.  Among the questions of law and fact common to the Class are whether defendant maintained a policy or practice of failing to make contributions in accordance with the terms of the Plan; failing to remit amounts withheld from Class members' paychecks to the Plan; and failing to inform Class members of the foregoing.

18.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
(Claim to Enforce Plaintiff and the Class' Rights Under the
Plan Pursuant to 29 U.S.C. Section 1132(a)(1)(B))

19.     Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 18 above.

20.     The Plan was an "employee benefit plan" and "pension benefit plan" within the meaning of ERISA.

21.     Plaintiff became a participant in the Plan no later than February, 2001, and has remained a participant at all times thereafter.

22.     Commencing on or about February, 2001, plaintiff deferred compensation to the Plan through payroll deductions.

23.     In addition to plaintiff's own contributions, the Plan obligated defendant to make contributions thereto, in respect of each Plan participant, in the amount of eight (8) percent of their respective total annual compensation.

24.     In the case of plaintiff, and upon information and belief other plan participants, defendant violated the terms of the Plan by failing to make the foregoing required contributions during the Class Period.

25.     As a result of the wrongful conduct alleged herein, plaintiffs and similarly situated current and former employees of the defendant have suffered damages.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty Pursuant to 29 U.S.C. Section 1132(a)(2)(3))

26.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 18 above.

27.     Defendant exercised actual and legal control over Plan assets, including amounts contributed to the Plan by plaintiff and the Class.

28.     As Employer/Plan Sponsor Plan Administrator of the Plan, and by virtue of its control over plan assets, defendant is a fiduciary under ERISA.

29.     Defendant's fiduciary obligations under ERISA included the obligation to timely remit plaintiff's and Class members contributions to the Plan.

30.     Defendant's fiduciary obligations also included the obligation to timely disclose to plaintiff and the Class the extent to which defendant withheld or untimely remitted Plaintiff and the Class' contributions to the Plan.

31.     During the Class period, defendant breached the foregoing fiduciary obligations by, *inter alia*, failing to segregate funds withheld from plaintiff and the Class' paychecks for Plan to be contributed to the Plan and upon information and belief causing these funds to be deposited into defendants general operating accounts, using such contributions for their own benefit, and failing to disclose to plaintiff and the Class the foregoing.

6

32.     Plaintiff and the Class have been injured as a result of the foregoing breaches and are entitled to restitution and lost earnings.

### THIRD CAUSE OF ACTION
(Failure to Provide Requested Information in Violation of
29 U.S.C. Section 1132(a)(1)(A) and 1132(c))

33.     Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 18 above.

34.     By letter dated March 10, 2005, plaintiff requested defendants to furnish her with a copy of the Plan and the Summary Plan Description for the Plan.

35.     Defendant was obligated to provide plaintiff with copies of the foregoing documents no later than April 9, 2005.

36.     As of the date of this Complaint defendant has failed and refused to provide plaintiff with copies of the foregoing.

37.     Defendant's failure to provide plaintiff with copies of the foregoing is a violation of ERISA which has prejudiced her ability to, *inter alia*, evaluate, consider and pursue her rights under the plan.

38.     As a consequence of the foregoing violation plaintiff is entitled to the statutory penalty of $100.00 per day from April 9, 2005 through such time as defendant furnishes plaintiff with the foregoing materials.

WHEREFORE, plaintiff prays that the Court grant her and the Class the following relief:

a.     An award of their actual damages arising from defendant's failure to submit contributions to the Plan in violation thereof;

b.     Restitution of plaintiff and the Class' contributions that defendant failed to remit to the plan and lost earnings thereon;

c.     Damages arising from defendant's delay in submitting contributions to the Plan.

d.     The statutory penalty of $100.00 per day for defendant's failure to furnish requests documents regarding the Plan;

e.     An order enjoining the defendant from engaging in the future in the wrongful practices alleged herein;

f.     An award of reasonable attorney's fees and the costs of this action; and

g.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims stated herein.

Dated: October 11, 2005
New York, New York

Respectfully submitted,

LAW OFFICES OF KARL J. STOECKER

By:_____
Karl J. Stoecker (KS-0571)
18 East 41st Street, 15th Floor
New York, New York 10017
Telephone: (212) 818-0080

8